**Edgar F. DIETRICH and Theresita Dietrich, Plaintiffs,**

**v.**

**SUN EXPLORATION AND PRODUCTION COMPANY and Sun Operating Limited Partnership, Defendants.**

**No. 87–70451.**

United States District Court,
E.D. Michigan, S.D.

July 8, 1992.

Jack C. Chilingirian, St. Clair Shores, Mich., for plaintiffs.

Lynam & Associates by Terrence Lynam, Lansing, Mich., for defendants.

OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS IN LIMINE, DENYING PLAINTIFFS' MOTION TO ADJOURN, AND GRANTING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

GADOLA, District Judge.

Plaintiffs filed their original complaint in this matter in Wayne County Circuit Court. The matter was removed to federal court February 9, 1987. An amended complaint was filed April 11, 1988. In their five-count amended complaint, plaintiffs alleged that defendants illegally drained 36,417.5 barrels of oil from land in which they had an interest (Count I); that defendants illegally overproduced oil from the land, thereby breaching an alleged fiduciary duty owed to plaintiffs (Count II); that defendants negligently or intentionally breached their duty to plaintiffs by failing to use the care and skill of an ordinary and prudent oil producer, including underre-

porting oil reserves, sabotaging the well by pouring cement into it and persuading geologists and other witnesses to give false testimony (Count III); that defendants fraudulently induced plaintiffs or their predecessors to sign the unitization agreement (Count IV); and that defendants failed to compensate plaintiffs for 881,071 barrels of oil allegedly produced by defendants (Count V).

In his November 1, 1988 order, United States District Judge Patrick J. Duggan dismissed Count II of the amended complaint. By a January 10, 1989 administrative order, this case was reassigned to this court. Subsequently, this court granted defendants summary judgment as to Counts I, III and IV February 10, 1992. The only claim remaining in the case is Count V.

The history of this case would not be complete without an overview of the extreme litigiousness and delay that has occurred because of the actions of plaintiffs and plaintiffs' counsel. Plaintiffs have twice filed motions to extend discovery (March 20, 1989, and May 4, 1989). Plaintiffs have also twice filed motions to change the trial date (July 28, 1989, and November 15, 1989). Further, this court has sanctioned plaintiffs for the actions of their attorney. Plaintiffs' counsel delayed and obstructed discovery of plaintiffs' expert Dr. M.Y. Joshi by purposefully failing to produce Dr. Joshi for his deposition. Plaintiffs' counsel also delayed his responses to defendants' interrogatories. Further, plaintiffs' counsel has given defendants and this court assurances that future discovery matters would be complied with in a timely fashion. These assurances were not fulfilled.

Defendants, after inordinate and unjustifiable interferences with and obstruction of the exercise of their discovery rights, eventually filed a motion to dismiss on the basis of such obstructions and procrastination. Magistrate Judge Steven D. Pepe, in his report and recommendation of May 24, 1991, declined to recommend the extreme and ultimate relief of dismissal of plaintiffs' case, but did recommend that plaintiffs pay sanctions to defendants in the amount of $12,973.35. The report and recommendation is replete with detailed presentations of the conduct which led to the recommendation of such a substantial sanction.

On August 1, 1991, this court accepted the magistrate judge's report and recommendation that plaintiffs be sanctioned in the amount of $12,973.35, reflecting defendants' attorneys' and experts' fees expended due to plaintiffs' counsel's delays. This amount was to be paid no later than September 1, 1991. Failure to pay in a timely fashion would result in at least plaintiffs' inability to use Dr. Joshi as an expert. Further, failure to timely pay this amount might also have resulted in dismissal of plaintiffs' claims. Plaintiffs failed to pay this amount by September 1, 1991. Nevertheless, at the request of plaintiffs' counsel, this court again showed leniency, and ordered that time for payment of the sanctions be extended, and that payment be made not later than May 1, 1992.

This matter has been set for trial thirteen times. Judge Duggan had set trial for March 1988, July 1988, November 1988, and March 1989. This court has set trial dates of June 1989, September 1989, December 1989, March, 1991, May, 1991, February, 1992, March 1992, April 1992, and July 1992. Further, plaintiffs have three times asked for an extension of time to file the joint final pretrial statement (motions dated July 28, 1989, November 15, 1989, and April 6, 1992). The latest motion filed was due to plaintiffs' counsel being on vacation the two weeks prior to the due date. This court takes notice, however, that plaintiffs' counsel was given ample notice of the pending trial date and the due date of the final pretrial statement. Additionally, it was not until *after* the final pretrial statement was due that plaintiffs' counsel decided to file a motion to extend the time for filing.

Finally, this matter was set for trial July 2, 1992, on the sole remaining issue of whether defendants produced 881,071 barrels of oil from the Columbus III oil field without compensating plaintiffs (Count V).

On July 1, 1992, plaintiffs filed two "motions *in limine*."[1] The first motion was entitled "Motion in Limine to Clarify and/or Amend Final Pretrial Order" and the second motion was entitled "Motion in Limine Regarding Introduction of the Wronski and Streeter Opinions for the Limited Purpose of Impeachment and Absence of Mistake."

▪ Procedurally, as motions *in limine*, plaintiffs' motions were denied as untimely. On June 14, 1991, this court issued a "notification of final pretrial conference and trial." In this notification, this court ordered that "[a]ll motions in limine shall be filed and served on opposing counsel four weeks before trial." In a later order dated April 14, 1992, this court relaxed the time limits and ordered that "[a]t least one week prior to beginning of trial term all counsel shall furnish to the court ... motions in limine." Under both orders, plaintiffs' motions were untimely. Prompt and complete review of motions *in limine* guarantees a more efficient and streamlined trial. Therefore, failure to follow this court's scheduling orders concerning motions *in limine* is a sufficient ground to deny plaintiffs' motions. Further, it is incredible that plaintiffs and plaintiffs' counsel waited until the last moment before trial, especially when this case has gone through thirteen different trial dates, to file these motions. Plaintiffs' motions, filed on July 1, 1992, at 11:56 a.m. and delivered to this court later that day, with trial scheduled for 8:30 a.m. on July 2, 1992, deserve and warrant denial on the basis of untimeliness alone. However, because of the importance of these motions, this court will address the merits as well.

▪ In their first motion, plaintiffs asked this court to allow the final pretrial order to be clarified and/or amended. Count V of the amended complaint set forth plaintiffs' sole remaining claim:

45. Plaintiffs ... state that in November of 1984 through March of 1985, Defendant, Sun Oil Company's records showed that an additional 881,071 barrels of oil were produced in the Columbus III field that had not previously been accounted for. That said figures were subsequently removed from the production records after an inquiry was made by Eugene Koziara.

46. ... Plaintiffs have never been compensated for their aliquot share of the revenue from the sale of this oil under unitization.

Amended compl. at paras. 45 & 46. From this plaintiffs and defendants fashioned the final pretrial order which stated in relevant part:

Plaintiffs allege that in November of 1984 through March of 1985, Defendant, Sun Oil Company's records showed that an additional 881,071 barrels of oil were produced in the Columbus III field between November, 1984 and March, 1985 for which Plaintiffs were not compensated.

\* \* \* \* \* \*

*Issues of fact to be litigated.* ... Did Defendants remove oil from the Columbus III field between November, 1984 and March, 1985, which was not properly accounted for?

Final pretrial order at 2 & 4.

The final pretrial order drafted and approved by plaintiffs' counsel did further state as follows:

Plaintiffs intend to file a Motion to Amend their pleadings to allow for testimony regarding Count V dealing with the *time period of June 1974 through March 1985* as it relates to Tracts 1 and 2, along with Tract 6, pertaining to unaccounted-for oil that was produced.

*Id.* at 3 (emphasis added). With their first motion, which is the possible motion to which plaintiffs' counsel referred in the final pretrial order, plaintiffs wished to amend the final pretrial order to state that the production of oil by defendants, for which plaintiffs claimed they had not been compensated, need not have occurred between November 1984 and March 1985, and

1. Technically, these motions, although entitled motions *in limine,* are in reality motions to expand the proofs rather than limit the proofs.

These motions are essentially a motion for reconsideration and a motion to amend the pretrial order.

instead may have occurred from June 1974 through March 1985.

Defendants vigorously objected to this motion. Defendants stated that they were prepared to defend against plaintiffs' claim that "881,071 barrels of oil were produced in the Columbus III field between November, 1984 and March, 1985." *Id.* at 2. Defendants stated that, on July 2, 1992, they were not prepared to defend against the much broader claim that the oil was produced at any time prior to March 1985.

The court agreed with defendants that altering the final pretrial order, signed by all parties' counsel and issued by this court, at such a late date would be tantamount to a surprise tactic designed to redefine a claim set in place for over five years. The court read Count V of the amended complaint to say that the oil must have been produced between November 1984 and March 1985. However, the court did recognize an ambiguity which is arguable at best. On the other hand, the final pretrial order was clear and distinct: "Did Defendants remove oil from the Columbus III field between November, 1984 and March, 1985 ...?" *Id.* at 4. This statement of plaintiffs' claim can be no clearer.

Further, the tactic of plaintiffs in filing their motion on the eve of trial to state an entirely different claim than they had been asserting since the filing of their amended complaint of April 11, 1988, was reprehensible and unacceptable. Viewing this motion against the backdrop of the history of this case, this court can only surmise that it was intended to either be a surprise tactic or at least a delay tactic. Therefore, this court did not allow plaintiffs' amendment on the morning of trial, with a jury having been selected and ready to hear the case, because it would have worked substantial injustice upon defendants who have adequately prepared for trial over the five years this case has been pending, on the basis that they were defending a claim of oil allegedly taken without compensation between November 1984 and March 1985.

This would have presented defendants with the prospect of defending against an entirely different claim, with possibly different defenses, including, as defendants' counsel correctly pointed out in oral argument on July 2, 1992, the defense of the statute of limitations.

■ Second, plaintiffs filed a second motion *in limine* asking this court to allow the introduction of the "Wronski"[2] and "Streeter"[3] opinions for the limited purpose of impeachment and absence of mistake. On November 16, 1989, plaintiffs filed a "Motion in Limine Regarding Admissability and Effect of 1974 [*sic*] Opinion of Judge Streeter and *Wronski v. Sun Oil,* 89 Mich.App. 11 [279 N.W.2d 564] (1979) in the Instant Litigation." In *Dietrich v. Sun Exploration and Prod. Co.,* 784 F.Supp. 383 (E.D.Mich.1992), this court clearly utilized both opinions in the decision but limited the *Wronski* and Streeter opinions to issues not involved in the current trial. This court again clarified this issue in its April 28, 1992 order addressing plaintiffs' November 16, 1989 motion. This court read the instant motion *in limine* as an attempt to file a belated motion for reconsideration, which will not be allowed.

Further, even though plaintiffs attempted to limit their use of the *Wronski* and Streeter opinions to impeachment and absence of mistake, these opinions, as discussed in *Dietrich,* were limited to matters not germane to the sole remaining issue set for trial. The parties, transactions, remedies and facts in the *Wronski* and Streeter decisions were not the same as in the instant case. Therefore, the court also denied plaintiffs' second motion *in limine.*

■ Additionally, after this court informed the parties of its preliminary decision concerning plaintiffs' two motions *in limine,* plaintiffs formally moved this court to adjourn trial because plaintiffs' counsel was unprepared to offer proofs that the 881,071 barrels of oil at issue were produced between November 1984 and

---

**2.** *Wronski v. Sun Oil Co.,* 89 Mich.App. 11, 279 N.W.2d 564 (1979), *leave denied,* 407 Mich. 863 (1979).

**3.** *Wronski v. Sun Oil,* Nos. 101–7 & 103–7 (St. Clair Cir.Ct. Dec. 21, 1976).

March 1985. Trial in this matter had been set for July. Counsel had been on notice of this trial term since April 1992. Last minute tactical maneuvers to avoid litigation are not looked upon favorably by this court and will not be tolerated. Trial briefs had been filed, a jury had been chosen, and the court's trial docket had been cleared so that the parties in this case could finally resolve their dispute. To ask for an adjournment on the first day of trial based upon matters that could and should have been resolved months if not years prior is patently unfair not only to this court and to the jurors selected, but also to opposing counsel. Therefore, this court denied plaintiffs' motion to adjourn.

Finally, defendants formally moved this court for a judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(b). Defendants point to plaintiffs' admission that they could not prove that the 881,071 barrels of oil in dispute were produced between November 1984 and March 1985, a crucial and necessary part of plaintiffs' claim. Plaintiffs did not dispute that, at this point in the trial, they could not prove these necessary elements of their claim, and informed the court that they could present no proof whatsoever to establish that defendants produced any oil between November 1984 and March 1985 for which plaintiffs were not compensated.

Federal Rule of Civil Procedure 50(a) reads in relevant part:

> If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim ... that cannot under the controlling law be maintained without a favorable finding on that issue.

Plaintiffs were heard to admit, and did again admit, that they could not prove an essential element of their claim. Defendants moved this court for a judgment as a matter of law. Because of plaintiffs' ad- mission, this court granted defendants' motion for judgment as a matter of law or, in the alternative, for summary judgment.

### ORDER

Therefore, it is hereby ORDERED that plaintiffs' July 1, 1992 motions *in limine* are DENIED.

It is further ORDERED that plaintiffs' motion to adjourn trial is DENIED.

It is further ORDERED that defendants' motion for judgment as a matter of law or, in the alternative, summary judgment, is GRANTED.

SO ORDERED.